J-S06041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARON NESBIT, | |
| Appellant | No. 1155 MDA 2015 |

Appeal from the PCRA Order April 23, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-0002131-1997

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED JANUARY 28, 2016**

Appellant, Daron Nesbit, appeals *pro* se from the order entered in the Court of Common Pleas of York County dismissing his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. We affirm.

The relevant facts and procedural history are as follows:  On March 8, 1997, Paul Smith was celebrating his cousin's birthday with friends and relatives.  At some point, the group went to the Majestic Restaurant, where Smith went inside to purchase beer.  As Smith left the restaurant, he encountered Melisha Grimes, and he stopped to talk with her.  They returned to the restaurant so that Grimes could write down her pager number for Smith.  While inside, Appellant, who was sixteen years old, approached them, and a verbal altercation occurred.  Soon, the confrontation moved

_____
*Former Justice specially assigned to the Superior Court.

outside into the parking lot, and Appellant and Smith began to fight. Appellant pulled out a gun and fired two shots at Smith, killing him, and then fled.

On November 13, 1997, a jury convicted Appellant of, *inter alia*, first-degree murder.[1] On December 29, 1997, the trial court sentenced Appellant to life in prison, and Appellant timely appealed. On March 31, 1999, this Court affirmed Appellant's judgment of sentence. ***See Commonwealth v. Nesbit***, No. 810 Harrisburg 1998 (Pa. Super. filed 3/31/99) (unpublished memorandum).

Thereafter, Appellant filed a counseled PCRA petition, and following an evidentiary hearing, the PCRA court granted Appellant's petition, vacated his judgment of sentence, and ordered a new trial. Consequently, on November 5, 2001, Appellant proceeded to a new trial, following which a jury convicted him of first-degree murder. On November 20, 2001, the trial court sentenced Appellant to life in prison, and on November 12, 2002, this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Nesbit***, No. 1995 MDA 2001 (Pa. Super. filed 11/12/02) (unpublished memorandum). On June 3, 2003, the Supreme Court denied Appellant's petition for allowance of appeal.

---

[1] 18 Pa.C.S.A. § 2502(a).

On February 5, 2004, Appellant filed a timely *pro se* PCRA petition, and following the appointment of counsel, he filed an amended, counseled PCRA petition. By opinion and order entered on September 17, 2004, the PCRA court denied Appellant's PCRA petition, and on February 27, 2006, this Court affirmed. ***Commonwealth v. Nesbit***, No. 1718 MDA 2004 (Pa. Super. filed 2/27/06) (unpublished memorandum). On December 30, 2005, the Supreme Court denied Appellant's petition for allowance of appeal.

On March 6, 2006, Appellant filed a second *pro se* PCRA petition, and the PCRA court appointed counsel. On March 27, 2006, the Commonwealth filed a motion to dismiss on the basis the PCRA petition was untimely filed, and on April 11, 2006, the PCRA court issued notice of intent to dismiss the PCRA petition without a hearing. In response, counsel filed a petition to withdraw his representation, and by order entered on May 22, 2006, the PCRA court granted counsel's petition to withdraw and afforded Appellant additional time to respond to the PCRA court's notice of intent to dismiss without a hearing.

On May 30, 2006, Appellant filed a *pro se* notice of appeal from the PCRA court's order permitting counsel to withdraw, and by order entered on June 16, 2006, the PCRA court dismissed Appellant's PCRA petition. Appellant subsequently filed another *pro se* notice of appeal on or about July 10, 2006. On September 26, 2007, this Court quashed Appellant's May 30, 2006, appeal on the basis it was an improper appeal from an interlocutory

order; however, this Court affirmed as it pertained to Appellant's appeal from the PCRA court's order dismissing his second PCRA petition. **See Commonwealth v. Nesbit**, Nos. 1351 MDA 2006, 1365 MDA 2006 (Pa. Super. filed 9/26/07) (unpublished memorandum). Specifically, regarding the latter, this Court held Appellant's second PCRA petition was untimely filed and that no exceptions to the timeliness rule applied. The Supreme Court denied Appellant's petition for allowance of appeal on June 24, 2008.

On or about August 1, 2012, Appellant filed a third *pro se* PCRA petition, and the PCRA court issued notice of its intent to dismiss without a hearing. Counsel entered an appearance and filed an answer on behalf of Appellant. By order entered on November 4, 2013, the PCRA court denied Appellant's third PCRA petition, and on December 3, 2013, he filed a counseled notice of appeal.[2] On July 29, 2014, this Court affirmed the PCRA court's denial of Appellant's third PCRA petition. **See Commonwealth v. Nesbit**, No. 2162 MDA 2013 (Pa. Super. filed 7/29/14) (unpublished memorandum). Specifically, this Court found Appellant's third PCRA petition

_____

[2] While the appeal from the denial of Appellant's third PCRA petition was pending, Appellant filed a *pro se* PCRA petition on or about January 14, 2014, in which he raised the issue of newly-discovered facts in the form of a notarized statement, which was signed by Maricelis Gonzalez on January 2, 2014. However, as discussed more fully *infra*, the PCRA court properly dismissed the petition on the basis it lacked jurisdiction to address it while Appellant's appeal was pending in this Court. **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000) (holding that a PCRA trial court may not entertain a new PCRA petition when a prior petition is still under review on appeal).

to be untimely filed and not subject to any of the timeliness exceptions. By order entered on December 23, 2014, the Supreme Court denied Appellant's petition for allowance of appeal.

On March 3, 2015, Appellant filed a counseled, fourth PCRA petition, and he appended thereto the notarized affidavit of Maricelis Gonzalez, which she signed on January 2, 2014. We set forth the affidavit verbatim:

> On March 1997, Melisha Grimes and myself Maricelis Gonzalez pull up to Majesties Restaurant in York Pennsylvania. Melisha got out the car and want in the restaurant. I sit in her car because I was talking to someone. A couple minutes past Melisha came out, was with some people we know, in that group was Daron Nesbit. Someone who we know very well and hung out with. Paul Smith was also in the group. I knew Paul Smith from my neighborhood. As I seen them I got out of the car. By that time the person I was talking to walk away. I seen the group of men argue, so I decided to stay by the car. At that time I seen Paul Smith and two other men around Daron Nesbit. Daron was backing up and at that time he pull the gun out. I kept hearing Daron saying back up. But Paul and the other two men kept getting closer. I did not want to see the rest so I got back into the car. At that time I heard the gunshot. I seen Paul on the ground. Everyone screaming. I got out the car and I left.
>
> I have no reason why I took so long to come forward. Maybe it was because I was so young to understand the importance of life. Or just scared of want people would say to me. But through out the years I tried to block this part out of my life. Its easier said then done. Till this day it have been heavy on my mind. I ran away from my responsibility by not stepping up. I thought it would go away. The more I seen Daron Nesbit name in our local newspaper the more it bothered me. This is something I need to do for myself. I been through a lot in my life and its made me appreciate the value of life. Although I feel bad for Paul's family, I also feel bad for Daron. I guess that the reason I came forward now.
>
> On November 26, 2013 I (Maricelis Gonzalez) contact the District Attorney's office. At that time I didn't get a hold of no one. I tried a couple of days later December 2, 2013 I spoke to

the District Attorney secretary. She told me that I would have to contact Daron Nesbit lawyer. I had no why to get that information. So I Google Daron whereabouts and contact him with a letter. If any added questions feel free to contact me. Thank you.

Appellant's PCRA Petition filed 3/3/15, Maricelis Gonzalez's notarized affidavit, Exhibit A. Appellant argued that Ms. Gonzalez's affidavit established that he shot Smith in self-defense and, thus, qualified for the newly-discovered fact exception to the PCRA time bar.

The PCRA court held a hearing on April 23, 2015, at which the Commonwealth made an oral motion to dismiss on the basis Appellant's petition was untimely filed and not subject to the newly-discovered fact exception. In this regard, the Commonwealth noted Ms. Gonzalez "was mentioned at Appellant's preliminary hearing, during both trials, on a witness listed sent to [Appellant's] second trial[ ] counsel, and is mentioned in two separate police reports both by name and in one with an address attached to where she lives." N.T. 4/23/15 at 3. Thus, the Commonwealth argued the evidence offered by Ms. Gonzalez was available at the time of trial and, with reasonable diligence, could have been discovered. *Id.*

In response, Appellant's PCRA counsel indicated that, for unknown reasons, none of Appellant's prior attorneys had contacted or attempted to contact Ms. Gonzalez. *Id.* at 4. As to the merits of Ms. Gonzalez's affidavit, Appellant's PCRA counsel indicated that witnesses who testified at trial indicated Smith and two of his friends confronted Appellant, who "from feet

away . . . pulled out a gun and shot Mr. Smith." *Id.* at 5. Appellant's PCRA counsel suggested Ms. Gonzalez's affidavit offered a "dramatically different" view by indicating Appellant "was backing up and telling them to back away when he finally pulled out a gun and shot Mr. Smith." *Id.*

On April 23, 2015, the PCRA court dismissed Appellant's fourth PCRA petition on the basis it was untimely filed, and more specifically, the court found Appellant was not entitled to the newly-discovered fact exception. This timely *pro* se appeal followed.[3] All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant raises the following issues for our review:

(1)   Did the PCRA court err as a matter of law when it dismissed the PCRA petition as untimely?

(2)   Was Appellant's rights to due process of law as protected by Article I, § 9 of the Pennsylvania Constitution and the Fourteenth Amendment to the United States Constitution violated when a manifest injustice took place where the exculpatory testimony of witness Maricelis Gonzalez was not presented to the jury?

Appellant's Brief at 4.

Preliminarily, we must determine whether Appellant's fourth PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50

---

[3] Since Appellant was represented by counsel, the PCRA court forwarded a copy of Appellant's *pro se* appeal to counsel. However, following a hearing held in accordance with *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), the PCRA court granted Appellant's request to proceed *pro se*.

(Pa. Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Wojtaszek***, 951 A.2d 1169, 1170 (Pa. Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008) (citations omitted).

Instantly, Appellant was sentenced on November 20, 2001, and this Court affirmed his judgment of sentence on November 12, 2002. On June 26, 2003, the Supreme Court denied Appellant's petition for allowance of appeal. Therefore, Appellant's judgment of sentence became final on September 24, 2003, ninety days after the Supreme Court denied his petition for allowance of appeal. **See** 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); U.S.Sup.Ct.R. 13 (providing "a petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the clerk within 90 days after entry of the order denying discretionary

review[ ]").  Appellant, thus, had until September 25, 2004, to file a timely PCRA petition.[4]  Appellant filed the instant PCRA petition on March 3, 2015; therefore, it is patently untimely.

Appellant attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(ii), claiming the facts disclosed in Ms. Gonzalez's notarized affidavit constitute newly-discovered facts.  The Supreme Court has previously explained that the newly-discovered fact exception in Section 9545(b)(1)(ii) requires petitioner to allege and prove that there were "facts" that were "unknown" to him and that he could not have ascertained those facts by the exercise of "due diligence."  *Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007).  A petitioner must allege and prove previously unknown "facts," not merely a newly discovered or newly willing source for previously known facts.  *Marshall*, *supra*.

Moreover, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests.  A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence.  This rule is strictly enforced."  *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa. Super. 2011) (citations omitted).

Additionally, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline.

---

[4] September 24, 2004, fell on a Sunday.  Therefore, Appellant had until September 25, 2004, to file his PCRA petition.  *See* 1 Pa.C.S.A. § 1908.

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). The sixty (60) day time limit . . . runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

**Williams**, 35 A.3d at 53 (citation omitted).

Here, we initially note that Appellant did not file the instant PCRA petition presenting his newly-discovered fact claim within 60 days of when the claim could have been presented. Appellant alleged that he first learned of the claim when he was provided with Ms. Gonzalez's affidavit, which was dated January 2, 2014.[5] Thereafter, on or about January 14, 2014, Appellant attempted to present a claim of newly-discovered facts in a *pro se* PCRA petition; however, since his appeal from the denial of his third PCRA petition was still then pending before this Court, the PCRA court properly dismissed Appellant's January 14, 2014, petition as it was divested of jurisdiction. **See Lark**, 746 A.2d at 588 ("[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest

_____

[5] We acknowledge that in her affidavit Ms. Gonzalez alluded to the fact she sent Appellant a letter sometime after December 2, 2013, but prior to executing the affidavit on January 2, 2014. However, we need not explore this inconsistency further as, even accepting Appellant's argument that he first learned of the "facts" on January 2, 2014, his timeliness exception argument still fails.

- 11 -

state court in which review is sought, or upon the expiration of the time for seeking such review."). Accordingly, Appellant's instant PCRA petition, in which he attempted to raise the newly-discovered fact exception, was required to be "filed within sixty days of the date of the order which finally resolve[d] [his] previous PCRA petition, because this is the first 'date the claim could have been presented.'" *Id.* (quotation omitted).

The Supreme Court denied allowance of appeal with regard to Appellant's third PCRA petition on December 23, 2014; however, Appellant did not file the instant counseled PCRA petition until 70 days later, on Tuesday, March 3, 2015. Appellant has provided no explanation for the delay. Thus, Appellant has failed to meet his burden of showing he filed his petition invoking the newly-discovered fact exception within 60 days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2); *Lark*, *supra*.

Moreover, as the PCRA court held, Appellant has failed to prove that Ms. Gonzalez, and the "facts" included in her affidavit, could not have been ascertained earlier with due diligence. *See* PCRA Court Opinion filed 8/13/15 at 5-6. The PCRA court found that reference to Ms. Gonzalez's existence was made at Appellant's preliminary hearing, first trial, and second trial, as well as in two police reports and a witness list, which was sent to Appellant's trial counsel. *Id.* at 6. Moreover, the PCRA court noted that Appellant offered no explanation as to why his attorneys did not contact or

attempt to contact Ms. Gonzalez for the last eighteen years, despite being aware of her existence. *Id.* Accordingly, we agree with the PCRA court that Appellant did not meet his burden of proving that he could not have ascertained the "new facts" by the exercise of "due diligence."[6] *Bennett*, *supra*. Thus, we conclude the PCRA court did not err in dismissing Appellant's fourth PCRA petition on the basis it was untimely filed.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/2016

---

[6] In light of the foregoing, we need not address whether Ms. Gonzalez offered previously unknown "facts," as opposed to constituting a newly discovered or newly willing source for previously known facts. *Marshall*, *supra*.

- 13 -